UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID EVANS,<br><br>    Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.;<br>and DOES 1 through 10, inclusive,<br><br>    Defendant. | Civil Action No.: 2:13-cv-787<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### *I.     INTRODUCTION*

1.     This is an action for actual and statutory damages brought by Plaintiff, David Evans, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.     JURISDICTION*

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

///

### III. PARTIES

3. Plaintiff, David Evans, is a natural person with a permanent residence in Columbus, Franklin County, Ohio 43085.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

12. Defendant has no standing to commence legal proceedings on behalf of the creditor.

13. Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

14. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

15. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

16. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

17. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

18. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

19. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V. CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such

action is unlawful and the Defendant does not intend to take such action; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, David Evans, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.


///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, David Evans, demands trial by jury in this action.

DATED: August 7, 2013                              RESPECTFULLY SUBMITTED,


By: s/ Peter Cozmyk
Peter Cozmyk, Esq. (OBN: 0078862)
Trail Attorney for Plaintiff
David Evans
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
Telephone: (440) 292-7672
Email: pcozmyk@hotmail.com

6